Burton, J.,
delivered the opinion of the court.
Defendants in error obtained judgment in the Municipal Court at Memphis against plaintiffs in error endorsers of a note of $1,000, made by one Cheek. They have appealed in error to this court, and several errors are assigned.
1. In the first place it is said that the court erred in refusing to allow*’ the appellants to put in a *619 plea of usury after tlie cause was called for trial. Without stopping to determine whether we ought to control the discretion of the court in refusing a plea at this late stage of the cause,. when no reason is shown for the delay, we think that this plea as tendered, was clearly defective. The substance of it is that plaintiffs “received therefor,” meaning the note, “a greater rate of interest than they were allowed by law to receive, and that therefore the said note is void.” A plea, in bar, pleaded to the whole declaration, must contain a sufficient answer in law to the whole cause of action; therefore, as a usurious contract is not void in toto, but only for the excess of the usurious interest, if a defendant who is sued on such contract plead the usury as an answer to the whole demand, it is bad on general demurrer. Meigs’ R., 80. Such was the rule before -the enactment of the Code, and a fortiori is it so under the Code, where the plea must disclose the exact amount of usury existing in the contract. This plea is not verified as a plea of usury should be. For these reasons, we do not think the court below erred in refusing to allow it to be filed.
2. It is insisted that his honor erred in refusing evidence of usury under the general issue. Our Code provides that the defendant may enter a general denial of the cause of action equivalent to the general issue heretofore in use. But unless notice is waived, he shall give notice of all his defences, whether by way of denial or evidence, although such defense might have been admissible heretofore under the general *620 issue, and no matter of defence in which notice is not given shall be given in evidence or relied on. Now, there was no waiver of the notice in this case, and when we examine the pleas on which the case was tried, they amount to (first) a plea, of non assump-sit ; second, payment, and third, a want of notice of the non-payment of the note by the maker, at maturity. We think the defendants, by their mode of pleading, precluded themselves from proving or relying upon any other matters of defence than payment or want of notice.
3. The next point insisted on is that defendants in error being a National Bank, chartered under an Act of Congress of June, 1864, by taking a greater interest on the loan of this $1,000 than is allowed by the statute law of Tennessee, where it is located ; violated its charter, and forfeited, not only the usury, but the whole debt.
We do not think it proper to discuss this very difficult question now, for the reason that it does not, as we think, arise upon this record. We have already announced our conclusion that the plea of usury as it is called, was properly excluded, but if it • were not excluded, we think that neither that nor any other plea in the record gives notice to the plaintiff that the defendant relies upon the fact that plaintiffs had violated their charter and forfeited their debt, and having failed to do this, in the very explicit language of the Code, that defence shall neither be given in evidence nor relied upon. We, of course, have considered the case in reference to the Act of 1859-60, *621 authorizing a party to plead according to the law existing at and before the passage of the Code. These pleas, for many reasons, do not come up to the requirements of the rules of pleadings in force before the Code, and we have considered them as pleas ^under the Code. Upon a careful consideration of the record, we see no reversible error in it.
The Judgment of the Municipal Court is affirmed.